

William B. Pollard, III (WBP-9252)
Amy C. Gross (ACG-8836)
KORNSTEIN VEISZ WEXLER & POLLARD, LLP
757 Third Avenue
New York, New York 10017
Tel.: 212-418-8600
Fax: 212-826-3640
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL J. DEVEREAUX & ASSOCIATES, PC,  :
  d/b/a DEVEREAUX BAUMGARTEN,           :
                                        :
                                        :       11 CV _____
            Plaintiff,                  :
                                        :
                                        :
      - against -                       :
                                        :       NOTICE OF REMOVAL
                                        :
LIBERTY INSURANCE UNDERWRITERS, INC.,   :
LIBERTY INTERNATIONAL UNDERWRITERS, and :
LIBERTY SURPLUS INSURANCE CORPORATION   :
                                        :
            Defendants.                 :
------------------------------------------------------------X

       PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Liberty Insurance Underwriters Inc., Liberty International Underwriters, and Liberty Surplus Insurance Corporation hereby remove this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. In support of such removal, defendants state as follows:

       1.     On or about March 28, 2011, defendants were served with a Summons and Complaint in a case that plaintiff filed on March 28, 2011 in the Supreme Court of the State of New York, County of New York, captioned *Michael J. Devereaux & Associates, PC, d/b/a/ Devereaux Baumgarten v. Liberty Insurance Underwriters Inc., Liberty International*

*Underwriters, and Liberty Surplus Insurance Corporation* (the "State Court Action"). A copy of the Summons and Complaint is annexed as Exhibit A. No other process, pleadings or orders have been filed or served in the State Court Action.

2. The removed action is a civil suit in which plaintiff seeks damages alleged to arise from legal services that plaintiff purportedly rendered to defendants, as well as a declaratory judgment for insurance coverage under a policy issued by defendant Liberty Insurance Underwriters, Inc.

3. The first seven claims in the Complaint are compulsory counterclaims under Rule 13(a), Federal Rules of Civil Procedure, and/or closely related to the claims in an action commenced in this Court currently pending before United States District Judge Richard J. Sullivan, entitled *Liberty Mutual Insurance Company v. Michael J. Devereaux & Associates, PC, d/b/a Devereaux Baumgarten*, which was filed on January 18, 2011 under the docket number 11-CV-0359 (RJS).

4. The first cause of action in the Complaint, for account stated, alleges that plaintiff submitted to defendants various invoices for payment that defendants have not paid, which together are alleged to exceed $75,000. The next six causes of action are for breach of contract, *quantum meruit*, unjust enrichment, extortion and *prima facie* tort; a cause of action entitled "Bad Faith, Fraud, Breach of Fiduciary Duty and Unethical Conduct." All are either compulsory counterclaims under Rule 13(a) and/or closely related to the claims in the prior pending action.

5. The final cause of action in the Complaint seeks a declaratory judgment that defendant Liberty International Underwriters, Inc. (sic) is required to afford it coverage under a professional liability policy allegedly issued by that defendant and provide or fund a defense for

the prior pending related case that Liberty Mutual Insurance Company filed in this Court against plaintiff under docket number 11 CV 359 (RJS).

6. Liberty's time to respond to the Complaint has not expired.

## DIVERSITY OF CITIZENSHIP

7. As alleged in the Complaint, plaintiff is a professional corporation having its principal place of business in New York County, New York.

8. Plaintiff's allegations in its Complaint concerning the domicile and/or the principal place of business of each of the defendants are incorrect. None are New York corporations. *See* Exhibit B, reports from the New York Secretary of State's Corporation and Business Entity Database.

9. Defendant Liberty Insurance Underwriters, Inc. is a Connecticut corporation having its principal place of business in Boston, Massachusetts.

10. Defendant Liberty International Underwriters is a trade name, not an entity.

11. Defendant Liberty Surplus Insurance Corporation is an Illinois corporation with its principal place of business in Boston, Massachusetts.

## AMOUNT IN CONTROVERSY

12. The Complaint seeks damages plus interest in an unstated amount but which, based on the allegations in the first cause of action, for account stated, exceeds $75,000, as required under 28 U.S.C. § 1332(a).

13. Because there is complete diversity of citizenship between plaintiff and defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has original subject matter jurisdiction of this action under 28 U.S.C. § 1332.

14. Removal is therefore proper under 28 U.S.C. § 1441(a), which provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For the purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

15. This Notice of Removal is timely, as it is being filed within the thirty-day period after receipt of the initial pleading setting forth the claim for relief, in accordance with 28 U.S.C. § 1446(b).

16. Written notice of the filing of this Notice of Removal will be promptly given to plaintiff, and a copy of the Notice is also being filed with the Clerk of the Supreme Court of the State of New York, County of New York.

Dated: New York, New York
March 31, 2011

KORNSTEIN VEISZ WEXLER & POLLARD, LLP

By: *[signature]*
William B. Pollard, III (WBP-9252)
Amy C. Gross (ACG-8836)
757 Third Avenue
New York, New York 10017
(212) 418-8600
Attorneys for Defendants

TO: MICHAEL J. DEVEREAUX &
ASSOCIATES, PC
d/b/a DEVEREAUX, BAUMGARTEN
39 Broadway, Suite 910
New York, New York 10006
(212) 785-5959
Plaintiff *Pro Se*